**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**Civil Action No.: 3:24-cv-00382-KDB-SCR**

| | |
|---|---|
| J.R. and J.S., *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>vs.<br><br>ATRIUM HEALTH, INC.,<br><br>Defendant. | **DEFENDANT ATRIUM HEALTH, INC.'S RESPONSE TO *EX PARTE* MOTION FOR LEAVE FOR PLAINTIFFS J.R. AND J.S. TO PROCEED PSEUDONYMOUSLY** |

## BACKGROUND

***The First Case.*** This case is the ***second*** case brought by proposed class representatives related to the use by The Charlotte-Mecklenburg Hospital Authority d/b/a Atrium Health ("Atrium Health")[1] of commonly-employed marketing technology called "pixels" on its public website. The North Carolina Business Court dismissed the first case on the class representative's ***own motion***. There, the class representative moved to dismiss her own complaint after she learned—from Atrium Health's motion to dismiss—that (i) Atrium Health had transparently informed website users through its Online Privacy Policy that the public portion of its website used "pixels" and explained how users could disable pixels if they wanted to avoid targeted advertising, and (ii) Atrium Health did not

[1] Plaintiffs have sued the wrong party. Defendant Atrium Health, Inc. is a nonprofit corporation affiliated with The Charlotte-Mecklenburg Hospital Authority—the legal entity that maintains atriumhealth.org. Atrium Health's counsel notified Plaintiffs' counsel of their error, but they have so far declined to correct it.

use "pixels" in the "patient portal" portion of its website where patients' medical records could be accessed. *See* Plaintiff's Unopposed Motion to Voluntarily Dismiss Without Prejudice ("Voluntary Dismissal," attached as **Ex. A**) ¶ 4 (seeking dismissal because "contractual documents attached to [Atrium Health's] motion to dismiss made the remaining claims difficult").

The Business Court approved the dismissal of the first case based on the plaintiff's conclusion that the "arguments made in Defendant's motion to dismiss . . . and other legal hurdles made her claims unlikely to succeed." *See* Order on Voluntary Dismissal (attached as **Ex. B**) ¶ 6. Here, the anonymous Plaintiffs assert the same basic claims that were dismissed in the first case.

***This Motion.*** Turning to the *Ex Parte* Motion for Leave for Plaintiffs J.R. and J.S. to Proceed Pseudonymously (the "Motion")[2] in *this* case, Plaintiffs conflate their interests in protecting disclosure of private health-related information with the requirement of Rule 10(a) that they disclose their identities. Plaintiffs' assert that litigation of this case will lead to the disclosure of some health-related information in pleadings or in discovery. But concerns about disclosure of confidential information in litigation are routinely addressed by alternative mechanisms, such as protective orders and sealing motions to which Atrium Health would be willing to agree. The Court, therefore, does not need to take the extraordinary step of authorizing Plaintiffs to sue anonymously.

[2] Plaintiffs filed their Motion ex parte and did not consult Atrium Health as called for by Local Civil Rule 7.1(b).

As a requisite to the extraordinary relief of allowing anonymous pleading, courts require plaintiffs to demonstrate non-speculative harm that would result from disclosure of their identities; circumstances that are rare and unusual—and do not exist here.

In requesting anonymity, Plaintiffs also must demonstrate that keeping their identity secret will not prejudice Atrium Health. But to defend against Plaintiffs' claims, Atrium Health will need to obtain information about Plaintiffs' online practices from other sources. If Plaintiffs remain anonymous, Atrium Health will not be able to obtain that information. For these reasons and those set forth below, Plaintiffs' Motion should be denied.

Importantly, the Court may consider ***deferring*** a ruling on the Motion because Atrium Health intends to move to dismiss Plaintiffs' claims pursuant to Rule 12(b). If the Court grants that motion to dismiss, Plaintiffs' Motion would become moot. *See Doe v. Rector & Visitors of George Mason Univ.*, 132 F. Supp. 3d 712, 716 n.1 (E.D. Va. 2015) (deferring ruling on plaintiff's use of a pseudonym pending "a more developed record").

## ARGUMENT

### I. The entry of protective orders and sealing orders will sufficiently address Plaintiffs' concerns about the disclosure of any private health-related information.

The premise of Plaintiffs' Motion is that the ***only*** way to protect Plaintiffs' private health-related information in this case is to allow Plaintiffs to remain anonymous. Plaintiffs "seek to preserve their anonymity in order to protect their

privacy and ***to avoid further exposure of their medical history***." Motion at 2 (emphasis added).

Nothing in Plaintiffs' Motion, however, demonstrates that imposing anonymity is the ***only*** way for the Court to protect sensitive information. The Motion overlooks that this Court regularly enters protective orders guarding information exchanged in discovery, including health-related information subject to protection under HIPAA. *See, e.g.*, *Longo v. Aspinwall*, No. 1:20-CV-00182-MR-WCM, 2022 WL 468186, at *1 (W.D.N.C. Feb. 15, 2022); *Corbett v. Perry*, No. 3:18-CV-103-MOC, 2020 WL 1490736, at *1 (W.D.N.C. Mar. 24, 2020); *Courtney v. IKEA U.S. E., LLC*, No. 3:16-CV-569-DCK, 2017 WL 4868561, at *1 (W.D.N.C. Oct. 27, 2017). And the Motion also ignores that this Court's local rules allow parties to file documents under seal to address these very concerns. Rather than demand anonymity, Plaintiffs can simply request that documents they file that include private health-related information be sealed to the public, as they file public versions of those documents with confidential information redacted. *See* Local Civ. R. 6.1.

Presently, the only reference to Plaintiffs' allegedly private information are allegations in their Complaint. There, Plaintiffs describe generic medical conditions (J.R. describes a "neurological and a pulmonary condition," Compl. ¶ 55) and explain that they searched websites about medical topics (J.S. searched for "vision issues and treatment," for "alcohol rehabilitation center," and "Muscular Dystrophy," Compl. ¶¶ 77, 173). If Plaintiffs need to include such descriptions in a

publicly filed document, they can file a motion to seal accompanied by a publicly filed redacted version of the document that protects that information from disclosure. Permitting Plaintiffs to proceed in that fashion would follow the federal courts' practice of using alternative methods to protect confidential information instead of imposing the extraordinary remedy of anonymity. *See, e.g.*, *Doe v. Weinstein*, 484 F. Supp. 3d 90, 98 (S.D.N.Y. 2020) (denying plaintiff's motion where she could "seek less drastic remedies than blanket anonymity" such as seeking redactions or a protective order); *Doe v. Indiana Univ.-Bloomington*, No. 1:24-CV-00198-RLY-MJD, 2024 WL 1075135, at *3 (S.D. Ind. Mar. 11, 2024) (observing that the anonymous plaintiff could instead redact sensitive information or seek a protective order "should a need for confidentiality arise").

Because Plaintiffs provide no explanation why their concerns cannot be met by seeking protective orders and sealing private health information, Plaintiffs' Motion should be denied.

## II. Plaintiffs have not demonstrated "extraordinary circumstances" exist to keep their identities anonymous

The instances in which courts authorize litigants to retain their anonymity are rare. In considering whether to do so, courts consider at least five factors:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;
>
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent nonparties;
>
> (3) the ages of the persons whose privacy interests are sought to be protected;

(4) whether the action is against a governmental or private party;

(5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Doe v. Doe*, 85 F.4th 206, 211 (4th Cir. 2023).

Assessing these factors leads courts to approve anonymity only where disclosure of a litigant's name risks causing real harm. For example, courts have generally held that anonymity is justified where a case involves "intimate personal matters as birth control, abortion, homosexuality, or welfare rights of illegitimate children or abandoned families" or "sexual misconduct by students." *Doe v. Virginia Polytechnic Inst. & State Univ.*, No. 7:18-CV-00016, 2018 WL 1594805, at *2 (W.D. Va. Apr. 2, 2018).

And, as another example, the leading case in the Fourth Circuit allowed anonymity for a plaintiff where the defendant-doctor fraudulently used his own sperm to impregnate the plaintiff and she feared for the ramifications of public disclosure of the scandal on her children. *James v. Jacobson*, 6 F.3d 233, 235 (1993). Other examples depicting scenarios where disclosure of a litigants' identity include one where a transgender plaintiff risked mental and physical harm if his identity were to be revealed as a consequence of his litigation to compel state authorities to change the genetic marker on his birth certificate, *Hersom v. Crouch*, No. 2:21-CV-00450, 2022 WL 908503, at *2 (S.D.W. Va. Mar. 28, 2022), and another where a litigant demonstrated he would suffer mental distress and other harm if the results of drug tests at issue in the case were revealed along with his identity,

*W. M. v. Braskem Am., Inc.*, No. 3:20-CV-00141, 2020 WL 1492544, at *2 (S.D.W. Va. Mar. 26, 2020).

Even to the extent that Plaintiffs try to justify their request for anonymity on the basis that their case concerns confidential information—that assertion does not allow anonymity for putative class representatives like Plaintiffs here. Because of their "fiduciary obligation to fairly represent the entire class" and the need for the defendant, the public, and putative class members to "know who is guiding and directing the litigation" anonymity is not warranted. *In re Ashley Madison Customer Data Sec. Breach Litig.*, MDL No. 2669, 2016 WL 1366616, at *4 (E.D. Mo. Apr. 6, 2016); *cf. Sherman v. Trinity Teen Sols., Inc.*, 339 F.R.D. 203, 206 (D. Wyo. 2021) (holding that plaintiff's role as class representative weighs in favor of an open proceeding); *Michael v. Bloomberg L.P.*, No. 14-CV-2657-TPG, 2015 WL 585592, at *4 (S.D.N.Y. Feb. 11, 2015) (noting that pseudonymous filing may "preclude potential class members from properly evaluating the qualifications of the class representative").

Plaintiffs' primary concern here is the disclosure of certain health-related information that (as discussed above) may be protected through other means. That concern does not present extraordinary circumstances that support anonymity. If it did, every Plaintiff who w brought claims having to do with medical information would bring their case anonymously.

Importantly, Plaintiffs' request for anonymity runs counter to litigation in the *first* case against Atrium Health that asserted these same basic claims. In that

case, class representative Ladonna Rorie filed her complaint alleging the same basic claims as those here, doing so in her ***own name*** without the need for the anonymity. *See* Voluntary Dismissal at **Ex. A**.

Likewise plaintiffs who have brought similar claims in the federal and state courts of North Carolina based on the use of pixels on health care organization websites brought their cases in their own names without a need for anonymity. *See Williams v. DukeHealth*, No. 1:22-CV-727, 2024 WL 898051 (M.D.N.C. Mar. 1, 2024), *report and recommendation adopted sub nom. Naugle v. Duke Univ. Health Sys., Inc.*, No. 1:22-CV-727, 2024 WL 1307216 (M.D.N.C. Mar. 27, 2024); *Allen v. Novant Health, Inc.*, No. 1:22-CV-697, 2023 WL 5486240 (M.D.N.C. Aug. 24, 2023); *Weddle v. WakeMed Health & Hosps.*, No. 22-CVS-13860, 2023 WL 8369786 (N.C. Super. Ct. Dec. 4, 2023). Plaintiffs, accordingly, are hard-pressed to insist they are entitled to anonymity when class representatives who have asserted similar claims did not.

Plaintiffs attempt to rely on *Doe v. Cabell Huntington Hospital, Inc.*, No. 3:23-CV-00437, 2023 WL 8529079 (S.D.W. Va. Dec. 8, 2023). But that case involved allegations of specific harm that would manifest if the plaintiff's identity did not remain secret. *Id.* at *2. More specifically, the plaintiff there asserted she was harmed from gossip by two employees of the defendant-hospital who told others that she was having difficulties becoming pregnant. Complaint ¶¶ 11-12, 30, *Cabell Huntington Hosp.*, 2023 WL 8529079, ECF No. 1.

In the plaintiff's request, she demonstrated that revealing her identity would cause harm because she had not shared her fertility issues with family members. *Cabell Hunting Hosp.*, 2023 WL 8529079, at *2. The plaintiff cited specific potential "embarrassment" and "exacerbated anxiety" given the nature of that information. *Id.* at *1. The court held that because "[m]edical information regarding fertility issues is surely highly personal and sensitive in nature" plaintiff's request was warranted. *Id.* at *2.

Those circumstances are different than the circumstances here. In this case, Plaintiffs have not pointed to any tangible "embarrassment" or "anxiety." Although the nature of their claims have to do with medical information, they do not raise sensitive subjects of fertility or any of the scenarios contemplated by district courts in this circuit. *See Virginia Polytechnic Inst. & State Univ.*, 2018 WL 1594805, at *2. Rather, Plaintiffs' request is based on a theoretical social stigma they say arises from searching for generic medical conditions on Atrium Health's website. That vague notion of "stigma" does not constitute "extraordinary circumstances" necessary to order relief. *See id.* (rejecting anonymity where harm from disclosure was mere social stigma); *see also Doe v. Garland*, 341 F.R.D. 116, 118 (S.D. Ga. 2021) (holding that conclusory allegations about stigma associated with mental health conditions was insufficient to justify plaintiff's anonymity).

## III. Atrium Health and the public will be harmed by Plaintiffs' continued anonymity

The Court must balance Plaintiffs' request against "the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Doe*

*v. Public Citizen*, 749 F.3d 246, 274 (4th Cir. 2014). Here, the harm to Atrium Health should Plaintiffs proceed anonymously would be significant.

Plaintiffs allege that Meta (who operates Facebook) and other third parties received Plaintiffs' information through the use of pixel technology. Motion at 1-2. They further concede that the information supposedly received by Meta because of pixel technology could only have been used by Meta if Plaintiffs were also Facebook users. Compl. ¶¶ 5-7.

To investigate these allegations, Atrium Health must be able to subpoena third parties and, in doing so, share Plaintiffs' names with those parties to determine what, if any, information they received and how any such information was supposedly used. Atrium Health may also need to disclose Plaintiffs' names to obtain information from other parties on subjects such as:

a. The extent to which Plaintiffs were aware or should have been aware of the use of pixel technology, and whether Plaintiffs continued to use third-party online services, notwithstanding their knowledge (or constructive knowledge) of such technology.

b. Whether and to what extent Plaintiffs may have consented to or acknowledged, through Facebook or other services, their agreement or consent to the conduct about which they now complain.

c. Whether and to what extent Plaintiffs' online activities may provide alternative explanations for any targeted advertising or other supposed disclosure of information for which they blame Atrium Health.

d. Whether Plaintiffs have altered or deleted information that would contradict their assertions as may be revealed though discovery to Meta, Google, or Plaintiffs' internet service provider.

If Plaintiffs' Motion is granted, Atrium Health will be prejudiced because it will be unable to use Plaintiffs' names to investigate these facts.

Putting aside this prejudice, other harms to the public inherently stem from unnecessary anonymity in court proceedings. "Pseudonymous litigation undermines the public's right of access to judicial proceedings" because "[t]he public has an interest in knowing the names of litigants, and disclosing the parties' identities furthers openness of judicial proceedings." *Doe v. Sidar*, 93 F.4th 241, 246-47 (4th Cir. 2024) (citations omitted). If the Court were to approve Plaintiffs' request for anonymity here, it may invite other plaintiffs to make similar, unwarranted requests in class cases that will have the effect of shielding those claimants from scrutiny that would exist if their claims were filed in public view. *See Candidate No. 452207 v. CFA Inst.*, 42 F. Supp. 3d 804, 810 (E.D. Va. Jan. 4, 2012) (noting that permitting anonymity would "invite meritless lawsuits" from other plaintiffs).

For these reasons, the Court should not conclude this case presents "extraordinary circumstances," because it does not. To allow anonymous filing in this case would contradict courts' presumption of transparency in court proceedings.

## **CONCLUSION**

As noted above, the Court may defer ruling on this Motion until after it rules on Atrium Health's anticipated motion to dismiss. Should ruling on Plaintiffs' Motion be necessary, the Court should deny it for the reasons set forth above.

This the 2nd day of May, 2024.

**ROBINSON, BRADSHAW & HINSON, P.A.**

/s/ Jonathan C. Krisko
Jonathan C. Krisko (N.C. Bar No. 28625)
Jordan T. DeJaco (N.C. Bar No. 57866)
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: (704) 377-2536
jkrisko@robinsonbradshaw.com
jdejaco@robinsonbradshaw.com

Preetha Suresh Rini (N.C. Bar No. 51022)
434 Fayetteville Street, Suite 1600
Raleigh, North Carolina 27601
Telephone: (919) 239-2600
prini@robinsonbradshaw.com

*Attorneys for Defendant Atrium Health, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this day the foregoing was electronically filed using the Court's electronic filing system which will electronically serve the following counsel of record:

David M. Wilkerson
The Van Winkle Law Firm
11 N. Market Street
Asheville, NC 28801
dwilkerson@vwlawfirm.com

Brandon M. Wise
Peiffer Wolf Carr Kane Conway & Wise, LLP
One US Bank Plaza
Suite 1950
St. Louis, MO 63101
bwise@peifferwolf.com

Andrew R. Tate
Peiffer Wolf Carr Kane Conway & Wise, LLP
235 Peachtree Street, NE,
Suite 400
Atlanta, GA 30303
atate@peifferwolf.com

In addition and on this same day, I served the following counsel via electronic mail who has not yet appeared in this action:

David S. Almeida
Almeida Law Group LLC
849 W. Webster Avenue
Chicago, IL 60614
david@almeidalawgroup.com

This the 2nd day of May, 2024.

/s/ Jonathan C. Krisko
Jonathan C. Krisko