UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| J.R. and J.S., *individually and on behalf of all others similarly situated,*<br><br>Plaintiffs,<br><br>vs.<br><br>ATRIUM HEALTH, INC.,<br><br>Defendant. | Case No.: 3:24-cv-00382-KDB-SCR<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF *EX PARTE* MOTION FOR LEAVE FOR PLAINTIFFS J.R. AND J.S. TO PROCEED PSEUDONYMOUSLY** |

## INTRODUCTION

Defendant's response to Plaintiffs' Motion to Proceed Pseudonymously proceeds in two parts. First, it attempts to muddy the water by bringing in details and attaching exhibits from an unrelated, previously filed case against it for using tracking technologies on its Web Properties to disclose its patients' sensitive, private and protected information to Meta and other third parties. Defendant attempts to make it appear that that unrelated case resulted in a dismissal on the merits as opposed to a voluntary dismissal further to Rule 41(a). Simply put, that case has no bearing on this case or the current motion. Plaintiffs respectfully request that this Honorable Court reserve all merits rulings until Defendant files a motion to dismiss and it is fully briefed or otherwise properly before this Court.

Second, although it cannot point to any harm or prejudice, Defendant objects to Plaintiffs' request to proceed pseudonymously even though the Complaint is replete with allegations concerning their sensitive medical conditions and Defendant's use of tracking technologies to collect and to divulge that private information to third parties without consent. Defendant seeks

to compound Plaintiffs' injuries and require the public disclosure of their medical conditions in the public domain.[1] Plaintiffs' Motion acknowledges that the presumption is that parties must sue in their own names, but it also recognizes that district courts in the Fourth Circuit use a five non-exhaustive factor test to evaluate whether plaintiffs can proceed by pseudonym. *See* Dkt. 3 ("Mot.") at 2-3. While courts may address concerns about disclosure of confidential medical information in litigation through alternative mechanisms, the Court in its discretion may also allow Plaintiffs to sue pseudonymously. Importantly, Defendant conflates Plaintiffs' request for anonymity from the public with anonymity from Defendant itself. But allowing Plaintiffs to proceed pseudonymously does not hide their identities from Defendant.[2] Thus, Defendant's "concern" that it will not be able to defend against Plaintiffs' claims is nothing more than theoretical rhetoric. Plaintiffs' Motion was clear that "[t]here is no risk of unfairness to Defendant since Plaintiffs are willing to disclose their identities to Defendant and its counsel." *Id*. at 5.

For these reasons and those set forth below, Plaintiffs respectfully request that this Court grant their Motion to Proceed Pseudonymously. In the alternative, Plaintiffs agree that the Court may consider deferring ruling on the Motion until the Court rules on Defendant's forthcoming motion to dismiss.

---

[1] Defendant accuses Plaintiffs of filing their Motion without consulting Defendant as called for by Local Civil Rule 7.1(b). *See* Dkt. 14 ("Opp") at 2, n.2. However, Local Rule 7.1(B) does not require consultation "where the moving party is represented and the non-moving party is unrepresented." At the time Plaintiffs filed their Motion at the request of the Clerk of the Court, Defendant was not yet represented by counsel.

[2] As Plaintiffs made clear in their Motion, they will disclose their identities to Defendant and its counsel. *See* Mot. at 5.

## DISCUSSION

### I. Defendant's Proposed Alternatives to Plaintiffs' Proceeding Pseudonymously are Insufficient.

While alternatives to proceeding pseudonymously exist, Plaintiffs filed their Complaint with pseudonyms and in doing so already disclosed their sensitive medical conditions and Private Information. Plaintiffs did so in order to plausibly allege their claims including under the Electronic Communications Privacy Act, 18 U.S.C. § 2511(1), *et seq.* ("ECPA"), which courts have analyzed to require allegations of specific medical information.[3] Plaintiff J.R. included allegations consisting of, but not limited to, medical conditions and treatments for pulmonology, neurology, interventional radiology, emergency departments and Covid testing locations as well as searches on Defendant's Web Properties and the URLs that Plaintiff J.R. visited. *See, e.g.*, Compl. ¶¶ 55-64, 129, 159 & 174. Plaintiff J.S. included similar allegations consisting of, but not limited to, medical conditions and treatments for alcohol rehabilitation, support groups, vision, emergency departments and Covid testing locations as well as searches on Defendant's Web Properties and the URLs that Plaintiff J.S. visited. *See, e.g.*, *id.* ¶¶ 77, 85-87, 160, 171-73

Defendant argues that Plaintiffs should proceed with a protective order or under seal rather than with pseudonyms. But whether to allow Plaintiffs to proceed pseudonymously is a decision for the Court—not Defendant. *See, e.g.*, *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993) (stating that "[t]he rule rather is that under appropriate circumstances anonymity may, as a matter of discretion, be permitted").

---

[3] *See, e.g.*, *Hartley v. Univ. of Chicago Med. Ctr.*, 2024 WL 1886909, at *2 (N.D. Ill. Apr. 30, 2024) (denying motion to dismiss ECPA claim because "Plaintiff's SAC has now added over ninety (90) new paragraphs which she alleges constitute violations of HIPAA"); *Santoro v. Tower Health*, 2024 WL 1773371, at *5 (E.D. Pa. Apr. 24, 2024) (holding that ECPA requires specific examples of HIPAA-protected information).

First, Defendant suggests that a protective order is an alternative to allowing Plaintiffs to proceed under pseudonyms. *See* Opp at 4. A protective order may be the approach that the parties take during discovery to protect discoverable information, but a protective order is not procedurally appropriate for the filing of a complaint and does not protect the identity of individual plaintiffs. *See, e.g., Waterkeeper All., Inc. v. Alan & Kristin Hudson Farm*, 278 F.R.D. 136, 141 (D. Md. 2011) ("Indeed, protective orders are a discovery device, and not a device designed to protect the confidentiality of documents indefinitely."); *Summit DNA, LLC v. Proove Biosciences, Inc.*, 2015 WL 6956598, at *2 (D. Md. Nov. 2, 2015) ("Protective orders protect information, not particular persons."). Thus, a protective order is not a viable alternative.

Second, Defendant argues that Plaintiffs should have proceeded with a motion to seal instead of under pseudonym. Defendant's approach would have Plaintiffs file a motion to seal and a public version with redactions every time they file something substantive on the Court's docket. *See* Opp. at 4-5. While the Local Rules permit motions to seal with formal motions, *see* L.R. 6.1, requiring Plaintiffs to follow this process each time they file a motion or response that includes their medical information adds an additional barrier to entry in this litigation. Like motions for pseudonymity, motions to seal also require articulating compelling interests that outweigh the strong presumption of public access to documents and have been discouraged or found to be disfavored in my district courts in the Fourth Circuit. *See, e.g., Domtar AI Inc. v. J.D. Irving, Ltd.*, 43 F. Supp. 3d 635, 643 (E.D.N.C. 2014) ("The common law presumes the right of the public to inspect and copy all judicial records."); *Hawkins v. Youngkin*, 2024 WL 1468341, at *2 (E.D. Va. Apr. 4, 2024) ("And courts only reluctantly seal public documents"); *Marsden v. Arnett & Foster, P.L.L.C.*, 2009 WL 3246996, at *3 (S.D.W. Va. Oct. 7, 2009) (same). There is a difference between arguing that Plaintiffs can do something—like filing a motion to seal—and requiring it at every

step in litigation to protect Plaintiffs' Private Information. Here, there is no prejudice to Defendant in permitting Plaintiffs to proceed pseudonymously, and its argument should therefore be rejected.

## II. Plaintiffs' Sufficiently Explain why their Motion to Proceed Pseudonymously Should be Granted.

Plaintiffs have demonstrated that the five non-exhaustive factors that courts consider in evaluating whether they can proceed by pseudonym weigh in their favor. As discussed in detail in Plaintiffs' Motion and Complaint, the Complaint detailed Plaintiffs' sensitive medical information including, but not limited to, allegations that J.R. submitted information on Defendant's Website concerning a neurological condition and J.S. used Defendant's Website to locate an alcohol rehabilitation center. *See* Compl., ¶¶ 55-56 & 77; Mot. at 4-5. As Defendant recognizes, decisions granting motions to proceed pseudonymously are limited to cases where non-public, sensitive information is at issue. *See* Opp. at 6 (citations omitted). But Congress enacted HIPAA to prevent Plaintiffs' exact type of information from being disclosed without their consent.

Moreover, Defendant relies on out-of-circuit authorities for the proposition that a class representative cannot proceed pseudonymously in litigation. *See* Opp. at 7 (citations omitted). Although the three decisions that Defendant relies on expressed concern in such situations, there are ways to ensure that Plaintiffs' fiduciary duties to fairly represent the class are met. *Compare id.*, *with, e.g.*, *Rapuano v. Trustees of Dartmouth Coll.*, 334 F.R.D. 637, 649–50 (D.N.H. 2020) (allowing two class representatives to proceed as Jane Does in evaluating settlement agreement). For example, in *Rapuano*, the court held that its concerns were "assuaged by the terms of the proposed settlement agreement," which allowed "putative class members to gain confidential access to Jane Doe's and Jane Doe 2's identities." *Id.*; *see also Doe v. Trump*, 2019 WL 13248001, at *4 (N.D. Cal. Feb. 19, 2019) ("[C]ourts have allowed class representatives to proceed anonymously where they have a credible fear of retaliation based on broader social and political

context.") (collecting cases). Indeed, such a broad sweeping rule as the one Defendant proposes would discourage individuals from seeking redress for their injuries in court. This Court could follow a similar approach to that in *Rapuano* thereby preserving each class member's right to know who is leading the class action while still maintaining Plaintiffs' privacy.

Defendant attempts to compare this case to the first-filed case against it and three other cases filed in North Carolina in similar pixel-tracking cases against hospital defendants. *See* Opp. at 7-8. But litigation-related decisions made by plaintiffs in a prior case against Defendant or in other cases filed in North Carolina have no bearing on Plaintiffs' Motion here. Rather, decisions made in litigation are personal to each plaintiff, the medical conditions and treatments they suffer from and the circumstances in their lives that may subject them to harassment, discrimination or other injury. *Compare* Opp. at 8, *with, e.g.*, *Doe v. Tenet Healthcare Corp.*, 2024 WL 1756075 (D. Mass. Apr. 23, 2024) (proceeding under Doe in pixel-tracking case against hospital defendant); *C. M. v. MarinHealth Med. Grp., Inc.*, 2024 WL 217841 (N.D. Cal. Jan. 19, 2024) (similar with initials); *B.K. v. Desert Care Network*, 2024 WL 1343305 (C.D. Cal. Feb. 1, 2024) (same).

Finally, the harm Plaintiffs will suffer from their Private Information being disclosed is not theoretical. *Compare* Opp at 9, *with, e.g.*, Compl. ¶¶ 42-43, 124, 210, 312, 341 & 396. Rather, Plaintiffs' Complaint identifies the tangible injuries they have already faced and will continue to face. For example, Plaintiffs allege numerous injuries including, but not limited to, (i) lack of trust in communicating with doctors online, (ii) invasion of their privacy, (iii) emotional distress and heightened concerns related to the release of Private Information to third parties, (iv) continued and ongoing risk to their Private Information and (v) the imminent risk of suffering additional damages in the future, such as disruption of their medical care and treatment. *Id.* Accordingly, Plaintiffs' Motion is not based on theoretical social stigma as Defendant alleges.

## III. Defendant will not be Harmed if the Court Permits Plaintiffs to Proceed Pseudonymously.

Defendant's overarching theory appears to be that "the harm to Atrium Health should Plaintiffs proceed anonymously would be significant." Opp. at 10. But Defendant's argument ignores Plaintiffs' position that they will disclose their identities to Defendant and its counsel. *See* Mot. at 5. Armed with Plaintiffs' identities, Defendant will be able to investigate Plaintiffs' claims, conduct discovery and even issue third-party discovery. Thus, Defendant's position that it will be prejudiced even though Plaintiffs will provide their identities to Defendant is self-serving and patently unavailing.

With respect to Defendant's concerns about harm to the public from allowing Plaintiffs to proceed pseudonymously, Plaintiffs recognize that the public's interest is minimally prejudiced. *Compare* Opp. at 11, *with* Mot. at 5. Importantly, any minimal prejudice can be remediated because the public will not be prevented from observing court proceedings or from otherwise following this Court's decisions in this case. Nevertheless, Defendant again attempts to introduce concerns about other hypothetical future cases, arguing that Plaintiffs' request here "may invite other plaintiffs to make similar, unwarranted requests in class cases." Opp. at 11. To be clear, Plaintiffs' request is very much warranted, and Defendant's supposed concern that a decision here will open a flood of pseudonymous litigation will be kept in check by this Court's precedent and the well-developed case law in the Fourth Circuit.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that their Motion be granted, and that they be permitted to proceed in this matter under pseudonyms. In the alternative, Plaintiffs request that the Honorable Court defer ruling on the Motion until ruling on Defendant's forthcoming motion to dismiss.

DATED: May 9, 2024

Respectfully submitted,

/s/ David M. Wilkerson
David M. Wilkerson
NC State Bar No. 35742
**THE VAN WINKLE LAW FIRM**
11 N Market Street
Ashville, NC 28801
(828) 258-2991
dwilkerson@vwlawfirm.com

David S. Almeida
(*pro hac vice* admission to be sought)
**ALMEIDA LAW GROUP LLC**
849 W. Webster Avenue
Chicago, Illinois 60614
(312) 576-3024 (phone)
david@almeidalawgroup.com

Brandon M. Wise
(*pro hac vice* admission granted)
**PEIFFER WOLF CARR**
**KANE CONWAY & WISE, LLP**
*bwise@peifferwolf.com*
One US Bank Plaza
Suite 1950
St. Louis, MO 63101
Tel: (314) 833-4825

Andrew R. Tate
(*pro hac vice* admission granted)
**PEIFFER WOLF CARR**
**KANE CONWAY & WISE, LLP**
*atate@peifferwolf.com*
235 Peachtree Street NE, Suite 400
Atlanta, GA 30303
Tel: (404) 282-4806

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on May 9, 2024, I electronically served the foregoing on all counsel of record via the Court's CM/ECF system.

/s/ David M. Wilkerson
David M. Wilkerson