IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-CV-00382-KDB-SCR

| | |
|---|---|
| J.R. and J.S., Individually and on Behalf of all Others Similarly Situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| ATRIUM HEALTH, INC., | ) ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiffs' Motion[1] for Leave for Plaintiffs J.R. and J.S. to Proceed Pseudonymously. (Doc. No. 3). This lawsuit alleges that Defendant Atrium Health disregarded the privacy rights of its patients by installing tracking technologies on its Web Properties to collect personally identifiable information ("PII") and protected health information ("PHI") from patients and subsequently divulged this information to social media platforms without the consent of patients. (Doc. No. 1 ¶¶ 1-5). Plaintiffs now seek to proceed in this litigation under pseudonyms. For the reasons set forth below, the Plaintiffs' Motion is denied.

Whether to allow a litigant to proceed anonymously is "committed in the first instance to trial court discretion." See James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993). Generally, judicial proceedings are open because the public has an interest in "full disclosure and openness," and the names of litigants are not exempt from that general rule. Doe v. Pub. Citizen, 749 F.3d 246, 273-4 (4th Cir. 2014) ("The public has an interest in knowing the names of the litigants, and disclosing the parties' identities furthers openness of judicial proceedings.") (internal citations omitted).

---

[1] Plaintiffs' Motion is labeled "Ex Parte" but was not filed as such on the ECF docket. In any event, since the names of the individuals were not revealed in the requested relief, the motion should not be "Ex Parte." Defendant also has responded to the Motion (Doc. No. 14), and Plaintiffs filed a reply. (Doc. No. 15).

Further, the Federal Rules of Civil Procedure require that the identities of the parties to a case be disclosed. Fed. R. Civ. P. 10(a). In certain scenarios, however, "privacy or confidentiality concerns" can be "sufficiently critical" to warrant anonymity. Jacobson, 6 F.3d at 238; Manville Tr. Matching Claimants v. DBMP, LLC, No. 3:22-cv-00577-RJC, 2023 WL 5385391, at *2 (W.D.N.C. Aug. 22, 2023).

The Fourth Circuit has set forth certain factors that should be considered by courts considering such requests, including: (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously. Jacobson, 6 F.3d at 238-9 (collecting cases of courts both granting such requests and properly denying such requests).

Understandably, Plaintiffs' chief concern appears to be protection of individuals' medical information and conditions. However, there are mechanisms to address such concerns including the complete or partial sealing of documents under Local Rule 6.1 and protective orders that control the use and dissemination of such information. Although Plaintiffs seem to be concerned with the burden of filing documents under seal or effectiveness of a protective order, the Court is not persuaded that the extraordinary relief of allowing the litigants to proceed under pseudonyms is necessary. In considering factors 1 and 2, the Court observes that litigants routinely navigate the protection of sensitive medical information whether in employment cases, social security cases,

or cases like the present one. In fact, there have been two strikingly similar class action lawsuits out of the Middle District of North Carolina alleging Defendant healthcare providers divulged patient PII to social media companies. See e.g., Allen v. Novant Health, Inc., No. 1:22-CV-697, 2023 WL 5486240 (M.D.N.C. Aug. 24, 2023) (alleging that Novant disclosed their confidential and private medical information to Meta Platforms, Inc. without their consent); Williams v. DukeHealth., No. 1:22-CV-727, 2024 WL 898051 (M.D.N.C. March 1, 2024), R. & R. adopted sub nom. Naugle v. Duke Univ. Health Sys., Inc., No. 1:22-CV-727, 2024 WL 1307216 (M.D.N.C. March 27, 2024) (alleging that DukeHealth gave Meta access to patient information without patient consent).[2] Plaintiffs in those actions did not proceed under a pseudonym. As a result, the Court is hard-pressed to find that this case presents different concerns that warrant proceeding pseudonymously. In considering factors 3 and 4, the proposed class definition in the Amended Complaint includes the following: "[a]ll individuals residing in the United States whose Private Information was disclosed to a third party without authorization or consent through the Meta Pixel on Defendant's Web Properties," indicating that individuals of all different ages will be involved and that Defendant is "a healthcare organization and hospital network offering a wide range of clinical services to patients across multiple states." (Doc. No. 17 ¶¶ 2, 268).[3] In considering factor 5, Defendant points to a risk of unfairness and credibly argues that its defense would be impacted if the Court were to allow the action to proceed anonymously.[4] Plaintiffs counter that they would

---

[2] In contrast, Plaintiff relies on cases from outside this circuit. Rapuano v. Trs. of Dartmouth Coll., 334 F.R.D. 637, 649–50 (D.N.H. 2020); Doe v. Trump, No. 19-cv-00441-TSH, 2019 WL 13248001, at *4 (N.D. Cal. Feb. 19, 2019); Doe v. Tenet Healthcare Corp., No. 23-12978-PBS, 2024 WL 1756075 (D. Mass. Apr. 23, 2024); C. M. v. MarinHealth Med. Grp., Inc., No. 23-cv-04179-WHO, 2024 WL 217841 (N.D. Cal. Jan. 19, 2024); B.K. v. Desert Care Network, No. 2:23-cv-05021 SPG (PDx), 2024 WL 1343305 (C.D. Cal. Feb. 1, 2024).

[3] Neither party has indicated that minors would be involved, but to the extent this issue arises, nothing in this Order prevents Plaintiffs from taking appropriate steps or seeking additional relief from the Court to protect the identities of minors.

[4] Defendant also presents arguments that (1) this is the second case brought by the proposed class representatives with the first case filed and voluntarily dismissed in state court wherein the class representatives did not proceed

release the names to the Defendant, but this still puts Defendant in a hamstrung position when it comes to subpoenaing others for information or fully formulating its defense. Perhaps Plaintiff would agree to the release of names in certain instances, but the Court concludes the better option is to utilize the mechanisms specifically meant for this situation---sealing of publicly filed documents, whether in whole or partial sealing with redactions, and protective orders---that address Plaintiffs' concerns but still ensure openness in judicial proceedings. Accordingly, having considered the factors set forth by the Fourth Circuit, Plaintiffs' Motion for Leave for Plaintiffs J.R. and J.S. to Proceed Pseudonymously is <u>denied</u>.[5] The Court encourages Plaintiffs to work with Defendant in this case to submit a proposed protective order for the Court's further review. Within 21 days of this Order, Plaintiffs shall file a Second Amended Complaint that conforms with the requirements of Federal Rule of Civil Procedure 10(a).

**SO ORDERED.**

Signed: June 17, 2024

_Susan C. Rodriguez_
Susan C. Rodriguez
United States Magistrate Judge

---

pseudonymously; and (2) some out-of-circuit courts have not permitted class representatives to proceed pseudonymously in litigation because it hampers the evaluation of the class representatives' ability to represent the entire class. (Doc. No. 14). Plaintiffs maintain the present case is a different case from the dismissed state case, and that anonymity may still be permitted because there are ways to ensure Plaintiffs' fiduciary duties to fairly represent the class are met. (Doc. No. 15). The Court has reviewed these arguments, but need not resolve the issues at this time because the Court has already considered the factors enumerated by the Fourth Circuit, and has found, in its discretion, that proceeding pseudonymously is not warranted here.

[5] In the alternative, Plaintiffs request that the Court defer ruling on the Motion. The Court has considered the relevant factors and finds that deferring a ruling would not aid the decisional process.