UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:24-cv-00382-KDB-SCR

| | |
|---|---|
| JULIE ROBERTS and JUDITH SIGMON, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>vs.<br><br>THE CHARLOTTE-MECKLENUBRG HOSPITAL AUTHORITY d/b/a ATRIUM HEALTH,<br><br>Defendant. | **DEFENDANT CMHA'S MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND PARTIAL MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** |

Defendant The Charlotte-Mecklenburg Hospital Authority ("**CMHA**"), through counsel, and pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, moves this Court to dismiss Plaintiffs' Third Amended Complaint (ECF No. 37) (the "**Complaint**").

In support of this Motion, and as more fully set forth in the Memorandum of Law and Declarations filed contemporaneously with this Motion and incorporated herein, CMHA states that the Court should dismiss Plaintiffs' claim pursuant to the Electronic Communications and Privacy Act ("**ECPA**"), 18 U.S.C. § 2510, *et seq.* (Count One) because the ECPA does not apply to communications received by a defendant from the plaintiff. Upon dismissing Plaintiffs' ECPA claim, there is no basis for federal question jurisdiction pursuant to 28 U.S.C. § 1331.

The Court should further decline federal diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiffs' claims are subject to the mandatory local

controversy exception of the Class Action Fairness Act ("**CAFA**"), 28 U.S.C. § 1332(d)(4). In the alternative, the Court should, in its discretion, decline to exercise federal diversity jurisdiction under the discretionary local controversy exception of CAFA, 28 U.S.C. § 1332(d)(3).

Without a legal basis for jurisdiction under 28 U.S.C. §§ 1331 or 1332, and upon examining the factors set forth in 28 U.S.C. § 1367(c), the Court should decline to exercise federal supplemental jurisdiction under 28 U.S.C. § 1367.

Finally, if the Court determines it has or will exercise jurisdiction over Plaintiffs' claims other than the ECPA claim, it should dismiss Plaintiffs' claim for unjust enrichment (Count Seven) because the allegations in the Complaint indicate that neither Plaintiffs nor CMHA had an expectation that Plaintiffs would be compensated for information provided while using CMHA's web properties.

**WHEREFORE,** CMHA prays this Court to enter an order:

(i) dismissing Plaintiffs' claim for Violation of Electronic Communications Privacy Act (Count One) with prejudice;

(ii) dismissing the remaining claims against CMHA without prejudice for lack of and in declining to exercise subject-matter jurisdiction;

(iii) if the Court retains subject-matter jurisdiction, dismissing Plaintiffs' claim for unjust enrichment (Count Seven) with prejudice; and

(iii) granting such further relief as the Court deems necessary or proper.

This the 26th day of August, 2024.

**ROBINSON, BRADSHAW & HINSON, P.A.**

/s/ Jonathan C. Krisko
Jonathan C. Krisko
N.C. State Bar No. 28625
Jordan T. DeJaco
N.C. State Bar No. 57866
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: (704) 377-2536
jkrisko@robinsonbradshaw.com
jdejaco@robinsonbradshaw.com

Preetha Suresh Rini
N.C. State Bar No. 51022
434 Fayetteville Street, Suite 1600
Raleigh, North Carolina 27601
Telephone: (919) 239-2600
prini@robinsonbradshaw.com

*Attorneys for Defendant The Charlotte-Mecklenburg Hospital Authority*