**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**Civil Action No.: 3:24-cv-00382-KDB-SCR**

JULIE ROBERTS and JUDITH SIGMON, *individually and on behalf of all others similarly situated*,

Plaintiffs,

vs.

THE CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY (d/b/a ATRIUM HEALTH),

Defendant.

**DEFENDANT CMHA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND PARTIAL MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

## TABLE OF CONTENTS


**Page**

TABLE OF AUTHORITIES ..... ii

INTRODUCTION ..... 1

I. CMHA asserted two similar bases for dismissal: that communications were not “intercepted” and that CMHA was a “party” to those communications. ..... 2

II. Plaintiffs’ communications were not “intercepted,” and even if they were, CMHA is a party exempted from liability under the ECPA. ..... 3

III. Plaintiffs have not made allegations that justify applying the crime-tort exception to ECPA liability. ..... 4

A. Plaintiffs have not plausibly alleged that CMHA used pixel technology for a tortious or criminal purpose independent of the alleged interception. ..... 6

B. Because Plaintiffs’ allegations show that CMHA’s purpose in using pixel technology was to analyze users’ interaction with its websites for financial gain, there was no criminal or tortious purpose to support the crime-tort exception. ..... 8

C. The Court should follow, and not overlook, precedent from the circuit courts construing the ECPA. ..... 10

IV. Even if the Court retains jurisdiction over Plaintiffs’ unjust-enrichment claim, it should be dismissed. ..... 11

CONCLUSION ..... 12

ARTIFICIAL INTELLIGENCE CERTIFICATION ..... 14

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.D. v. Aspen Dental Mgmt., Inc.*,
No. 24 C 1404, 2024 WL 4119153 (N.D. Ill. Sept. 9, 2024) .................................... 11

*Allen v. Novant Health*,
No. 1:22-CV-697, 2023 WL 5486240 (M.D.N.C. Aug. 24, 2023) ...................... 2, 4, 12

*B.K. v. Eisenhower Med. Ctr.*,
No. EDCV232092JGBKKX, 2024 WL 878100 (C.D. Cal. Feb. 29, 2024)................. 7

*Brown v. Learfield Commc'ns, LLC*,
No. 1:23-CV-00374-DAE, 2024 WL 3676709 (W.D. Tex. June 27, 2024)............. 7, 9

*Caro v. Weintraub*,
618 F.3d 94 (2d Cir. 2010)........................................................................ 6, 7, 10-11

*Clemons v. Waller*,
82 F. App'x 436 (6th Cir. 2003)........................................................................... 5

*DIRECTV, Inc. v. Barnes*,
302 F. Supp. 2d 774 (W.D. Mich. 2004)................................................................ 3

*Doe I v. Google LLC*,
No. 23-CV-02431-VC, 2023 WL 6882766 (N.D. Cal. Oct. 18, 2023).......................... 7

*Doe v. Kaiser Found. Health Plan, Inc.*,
No. 23-CV-02865-EMC, 2024 WL 1589982 (N.D. Cal. Apr. 11, 2024) ...................... 9

*In re Facebook, Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020) ................................................................................ 4

*In re Google Inc. Cookie Placement Consumer Priv. Litig.*,
806 F.3d 125 (3d Cir. 2015)........................................................................ *passim*

*Lucas v. Fox News Network, LLC*,
248 F.3d 1180 (11th Cir. 2001) ......................................................................... 5, 8

*Nienaber v. Overlake Hosp. Med. Ctr.*,
No. 2:23-CV-01159-TL, 2024 WL 2133709 (W.D. Wash. May 13, 2024)............ 7, 11

*Okash v. Essentia Health*,
No. CV 23-482 (JRT/LIB), 2024 WL 1285779 (D. Minn. Mar. 26, 2024) .......... 7, 11

*Pena v. GameStop, Inc.*,
670 F. Supp. 3d 1112 (S.D. Cal. 2023)........................................................ 9

*Planned Parenthood Fed'n of Am., Inc. v. Newman*,
51 F.4th 1125 (9th Cir. 2022) ........................................................... 5-7

*R.C. v. Walgreen Co.*,
No. EDCV 23-1933 JGB (SPX), 2024 WL 2263395 (C.D. Cal. May 9, 2024) ......... 11

*Regency Ctrs. Acquisition, LLC v. Crescent Acquisitions, LLC*,
No. 17-CVS-11354, 2018 WL 562749 (N.C. Super. Ct. Jan. 24, 2018).................. 12

*Rodriguez v. Fastmed Urgent Care, P.C.*,
No. 5:23-CV-403-D, 2024 WL 3541582 (E.D.N.C. July 24, 2024) ................. *passim*

*Roe v. Amgen Inc.*,
No. 2:23-CV-07448-MCS-SSC, 2024 WL 2873482 (C.D. Cal. June 5, 2024)........... 9

*Sussman v. Am. Broad. Cos., Inc.*,
186 F.3d 1200 (9th Cir. 1999) ................................................... 5, 8, 10-11

*Sweat v. Houston Methodist Hosp.*,
No. CV H-24-775, 2024 WL 3070184 (S.D. Tex. June 20, 2024) ........................... 11

*T.D. v. Piedmont Healthcare, Inc.*,
No. 1:23-CV-5416-TWT, 2024 WL 3972984 (N.D. Ga. Aug. 28, 2024).................. 11

*Weddle v. WakeMed Health & Hosps.*,
No. 22 CVS 13860, 2023 WL 8369786 (N.C. Super. Ct. Dec. 4, 2023) .................. 12

*Williams v. DukeHealth*,
No. 1:22-CV-727, 2024 WL 898051 (M.D.N.C. Mar. 1, 2024)........................... 2, 4, 9

*Williams v. TMC Health*,
No. CV-23-00434-TUC-SHR, 2024 WL 4364150 (D. Ariz. Sept. 30, 2024) ............. 9

**Statutes**

18 U.S.C. § 2510 ................................................................................. 1-2

18 U.S.C. § 2511 ................................................................................. 3-5

18 U.S.C. § 2520 ................................................................................... 2

28 U.S.C. § 1332 .......... 1

28 U.S.C. § 1367 .......... 1

42 U.S.C. § 1320 .......... 10

## INTRODUCTION

Plaintiffs do not dispute that, should the Court decide to dismiss Plaintiffs' Electronic Communications Privacy Act ("**ECPA**"), 18 U.S.C. § 2510, *et seq*., claim, it should dismiss this case on jurisdictional grounds. Specifically, Plaintiffs do not contest that this Court *should not* exercise federal court jurisdiction over this case under the Class Action Fairness Act ("**CAFA**"), 28 U.S.C. § 1332(d), because this case meets the mandatory local controversy exception to CAFA. Likewise, Plaintiffs do not disagree that, without a federal claim that raises a federal question in this case, this Court *should not* exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over the remaining state law claims because those claims raise novel issues of state law that are better resolved in a state court forum.

In their response, Plaintiffs try two arguments to save their ECPA claim and thereby avoid dismissal on jurisdictional grounds. First, they argue that, under the ECPA, website operators using pixel technology intercept communications sent through the website and are not "parties" to those communications. This argument, however, contradicts other courts' conclusions and Plaintiffs' own allegations.

Second, Plaintiffs seek to apply the ECPA's "crime-tort exception" to make CMHA liable. Under that exception, parties are liable for intercepting communications when they act with a tortious or criminal purpose. But in arguing that the crime-tort exception should apply, Plaintiffs ignore that courts have imposed limits on when the crime-tort exception applies. Courts require plaintiffs to allege a crime or tort independent of the act of the "interception" that is the basis of their ECPA claim. In considering whether to apply the exception, courts also

examine the purpose of the "interception." If the alleged purpose is a lawful one, the exception does not apply. Plaintiffs' allegations do not present circumstances where the exception is warranted, so their ECPA claim should be dismissed.

Finally, Plaintiffs ask the Court to deny CMHA's motion to dismiss their unjust-enrichment claim. They point the Court to the decisions of district courts interpreting other states' laws instead of the decisions of North Carolina state and federal courts. Plaintiffs' allegations, however, are not substantively different in this case than those in other North Carolina cases. Accordingly, should this Court retain jurisdiction, it should dismiss Plaintiffs' unjust-enrichment claim.

## I. CMHA asserted two similar bases for dismissal: that communications were not "intercepted" and that CMHA was a "party" to those communications.

For a plaintiff to make an ECPA claim, she must allege that the defendant "intercepted" her communications. *See* 18 U.S.C. § 2510(4) (defining "intercept"); § 2520 (providing for civil action for "intercepted" electronic communications). Courts have held in pixel cases that no ECPA claim exists where a plaintiff alleges that she intended to send information to the defendant and for the defendant to use it. *See Rodriguez v. Fastmed Urgent Care, P.C.*, No. 5:23-CV-403-D, 2024 WL 3541582, at *5-6 (E.D.N.C. July 24, 2024); *Williams v. DukeHealth*, No. 1:22-CV-727, 2024 WL 898051, at *8-9 (M.D.N.C. Mar. 1, 2024), *report and recommendation adopted sub nom. Naugle v. Duke Univ. Health Sys., Inc.*, No. 1:22-CV-727, 2024 WL 1307216 (M.D.N.C. Mar. 27, 2024); *Allen v. Novant Health*, No. 1:22-CV-697, 2023 WL 5486240, at *4 (M.D.N.C. Aug. 24, 2023). For that same reason, Plaintiffs'

information was not "intercepted" by CMHA, so there is no ECPA claim—the primary argument CMHA made in its opening brief. *See* CMHA Br. at 12-15.

CMHA also makes a parallel argument, which yields the same outcome. That is, putting aside whether the communications were "intercepted," CMHA is not liable because it was a "party" to communications with Plaintiffs. The ECPA exempts parties to communications from liability under the "party exception," regardless of whether there was an "interception." *See* 18 U.S.C. § 2511(2)(d).[1]

Federal courts in North Carolina have focused on whether a communication was an "interception" and dismissed ECPA claims on that basis, although either rationale calls for dismissal. As set forth in detail below, the crime-tort exception should not be applied and should not change that result.

## II. Plaintiffs' communications were not "intercepted," and even if they were, CMHA is a party exempted from liability under the ECPA.

In their response, Plaintiffs pass over whether there was an "interception." Their first argument asserts that CMHA should not be excluded from liability as a "party" because CMHA wrongly "shoehorn[s]" this case into the holding of *In re Google Inc. Cookie Placement Consumer Privacy Litigation*, 806 F.3d 125, 145 (3d Cir. 2015) ("*Google*"). They say that case does not support the conclusion that

[1] Courts discussing whether there was an "interception" and whether a defendant was a "party" may not explain which basis they are relying on or distinguish between the two. In fact, courts may treat these arguments as intertwined or one and the same. However, where there is no interception, the analysis ends. *See DIRECTV, Inc. v. Barnes*, 302 F. Supp. 2d 774, 779 n.4 (W.D. Mich. 2004).

CMHA is a party because the case had to do with "GET requests" sent via internet cookies, not pixel technology. Pls. Br. at 9.[2]

But neither CMHA nor the district court decisions that cite *Google* have applied that case on the basis that cookie technology is identical to pixel technology. Rather, that case is cited to show how a court examined the technical allegations in the context of ECPA claims and assessed their significance. The allegations in *Google* supported the conclusion that GET requests constituted communications with defendants, entitling defendants to the party exception. 806 F.3d at 145.

Plaintiffs allege that they sent communications to CMHA—consistent with *Rodriguez*, *Williams*, and *Allen*. Compl. ¶¶ 22, 47, 69, 103, 140, 441, 445; Pls. Br. at 10 (describing communications as "essentially, a conversation with Defendant through the Web Properties"). Those allegations show that the communications were not "intercepted." And, even if the Court determines the communications were "intercepted," these allegations incontestably establish that CMHA was a party, protected by the party exception of 11 U.S.C. § 2511(2)(d).

## III. Plaintiffs have not made allegations that justify applying the crime-tort exception to ECPA liability.

Plaintiffs' second argument is that, if the Court considers dismissing CMHA because it is a party, the Court should apply the crime-tort exception to avoid dismissal. Pls. Br. at 13-16. Under the crime-tort exception, a party to a

[2] Plaintiffs also criticize *Google* because there is a split of authority whether "GET requests" invoke the party exception to the ECPA. Pls. Br. at 10 (citing *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 608 (9th Cir. 2020)). But the split over "GET requests" does not impact whether pixel technology invokes the party exception.

communication may be liable if "such communication is intercepted for the purpose of committing any criminal or tortious act." 11 U.S.C. § 2511(2)(d). Plaintiffs contend that the crime-tort exception saves their ECPA claim because CMHA "commit[ted] criminal and tortious acts"—namely, the breach of fiduciary duty and negligence claims they plead and an alleged violation of HIPAA or related agency rules. *See* Pls. Br. 10, 14-15; *see also* Compl. ¶¶ 337-38, 341 (alleging CMHA committed criminal and tortious acts).

Plaintiffs' view of the crime-tort exception and the cases they cite, however, do not apply decisions of federal circuit courts that require district courts to limit its application.[3] Those appellate courts examined the ECPA's text and purpose and concluded that a plaintiff does not make allegations that invoke the crime-tort exception by merely asserting that the act of "intercepting" forms a basis for parallel tort claims or constitutes a violation of law. Rather, those courts held that for a plaintiff to show that the exception applies, it must plausibly allege a tortious or criminal intention *separate from* the act of interception. Those courts test whether a plaintiff has done so in at least two ways.

[3] *See, e.g.*, *Planned Parenthood Fed'n of Am., Inc. v. Newman*, 51 F.4th 1125, 1136 (9th Cir. 2022); *Google*, 806 F.3d at 145; *Caro v. Weintraub*, 618 F.3d 94, 100 (2d Cir. 2010); *Clemons v. Waller*, 82 F. App'x 436, 440-41 (6th Cir. 2003); *Lucas v. Fox News Network, LLC*, 248 F.3d 1180 (11th Cir. 2001); *Sussman v. Am. Broad. Cos., Inc.*, 186 F.3d 1200, 1202-03 (9th Cir. 1999).

### A. Plaintiffs have not plausibly alleged that CMHA used pixel technology for a tortious or criminal purpose independent of the alleged interception.

First, for the crime-tort exception to apply, appellate courts have required that a plaintiff allege that a defendant "intend[ed] to commit a crime or tort *independent* of the act of recording itself." *Caro,* 618 F.3d at 100 (emphasis added); *see also Google*, 806 F.3d at 145; *Planned Parenthood*, 51 F.4th at 1136. In these cases, courts explained that if the tort or unlawful conduct alleged is based on the act of recording itself, the plaintiff "cannot satisfy the [ECPA]'s requirement of a separate tortious intent." *Caro*, 618 F.3d at 101.

Thus, for instance, in *Caro*, the Second Circuit held that there was not a tortious purpose independent of the act of "recording" that supported the crime-tort exception. In that case, the defendant recorded a conversation with the plaintiff without permission, and the court considered whether there was sufficient tortious intent for purposes of the crime-tort exception. *Caro*, 618 F.3d at 100-01. Even though the act of recording formed the basis for an invasion of privacy claim, the court held that the crime-tort exception should not apply because the defendant had not "take[n] an affirmative step or steps beyond the recording" and the "tort [alleged] is such that interception would not further it." *Id.* at 101. Because the tort at issue "occurs through the act of interception itself," plaintiff did not show tortious intent distinct from the "interception," and the exception did not apply. *Id.*

Similarly, the Ninth Circuit held that an ECPA claim could not be brought alongside trespass, fraud, conspiracy, and civil RICO claims that were based on electronic recordings made by the defendants. *Planned Parenthood*, 51 F.4th at

1130. In that case, anti-abortion activists secretly recorded the plaintiff's meetings and published internet videos that allegedly harmed the plaintiff. *Id.* at 1132. Although the plaintiff won a jury verdict based on its ECPA claim and parallel state law tort and RICO claims, the Ninth Circuit reversed the portion of the jury verdict based on the ECPA claim. *Id.* at 1132, 1136. The court held that the defendants' purpose in their alleged fraud, RICO, and other claims was not "independent of and separate from the purpose of the recording." *Id.* at 1136. For that reason, the portion of the verdict based on the ECPA claim was reversed. *Id.*

Applied here, these cases mean that Plaintiffs have not alleged a separate tortious or criminal purpose from CMHA's use of pixel technology that warrants application of the crime-tort exception.[4] Plaintiffs do not allege an "additional step" beyond CMHA's use of pixel technology. To the contrary, like the plaintiffs in *Caro* and *Planned Parenthood,* Plaintiffs contend that the "interception" forms the basis

[4] Several district courts following the lead of the circuit courts have rejected the crime-tort exception on this same ground—that an "interception" through pixel technology is not sufficiently independent of torts alleged alongside ECPA claims. *See, e.g.*, *Brown v. Learfield Commc'ns, LLC*, No. 1:23-CV-00374-DAE, 2024 WL 3676709, at *4 (W.D. Tex. June 27, 2024) (no tortious act independent of pixel use); *Nienaber v. Overlake Hosp. Med. Ctr.*, No. 2:23-CV-01159-TL, 2024 WL 2133709, at *15 (W.D. Wash. May 13, 2024) (tortious conduct is based on pixel technology use); *Okash v. Essentia Health*, No. CV 23-482 (JRT/LIB), 2024 WL 1285779, at *4 (D. Minn. Mar. 26, 2024) (tortious conduct not independent of pixel use); *B.K. v. Eisenhower Med. Ctr.*, No. EDCV232092JGBKKX, 2024 WL 878100, at *5 (C.D. Cal. Feb. 29, 2024) (tortious conduct must be independent of interception), *on reconsideration in part*, No. EDCV 23-2092 JGB (DTBX), 2024 WL 2037404 (C.D. Cal. Apr. 11, 2024); *Doe I v. Google LLC*, No. 23-CV-02431-VC, 2023 WL 6882766, at *2 (N.D. Cal. Oct. 18, 2023) (interception must be done to facilitate a further impropriety).

for their parallel tort claims and assertions that CMHA violated HIPAA. Pls. Br. at 14. Applying this precedent, the crime-tort exception does not apply.

### B. Because Plaintiffs' allegations show that CMHA's purpose in using pixel technology was to analyze users' interactions with its websites for financial gain, there was no criminal or tortious purpose to support the crime-tort exception.

Second, courts examine the purpose of a defendant's interception. Where the well-pleaded allegations of the complaint show a lawful purpose for the alleged "interception," these courts hold that the crime-tort exception does not apply. For example, in *Sussman*, the plaintiffs alleged that ABC News secretly taped them in the workplace. 186 F.3d at 1202-03. Because doing so supported state law tort liability, the plaintiffs contended that there existed sufficient criminal and tortious purposes tied to their recordings for the crime-tort exception to apply. *Id.* at 1202-03. The Ninth Circuit disagreed. *Id.* at 1203. That court explained that because the purpose of ABC News in recording was to develop a news story, which was lawful, the crime-tort exception did not apply. *Id.* at 1202. "Where the purpose [of the recording] is not illegal or tortious, but the means are, the victims must seek redress elsewhere." *Id.* at 1202-03; *see also Lucas*, 248 F.3d 1180 (recording to broadcast as a news report is lawful purpose, therefore the crime-tort exception does not apply).

These courts' approaches applied to this case yield the same result. The bulletin on the use of tracking technology by HIPAA-covered entities issued by the U.S. Department of Health and Human Services' Office of Civil Rights in December 2022 (updated in March 2024 and again in June 2024) (the "**Bulletin**") that

Plaintiffs incorporated into and relied on in their Complaint provides that the purpose of pixel technology is "to collect and analyze information about how users interact with regulated entities' websites or mobile applications." *See* CMHA Br. Ex. 1. Plaintiffs' Complaint alleges that CMHA's use of such pixel technology allowed it to "increase its profit margins" and provided it "financial gain." Compl. ¶ 346; Pls. Br. at 15-16. All of these purposes are indisputably lawful. Under the approach of these cases, the crime-tort exception does not apply.[5]

In *Rodriguez*, the court considered the purpose of pixel technology and concluded the crime-tort exception did not apply.[6] 2024 WL 3541582, at *5-6. There, the plaintiff argued that the defendant's purpose in using pixel technology was "knowingly disclosing and releasing [individually identifiable health information] to Meta for commercial purposes without consent, in violation of

[5] Several district courts in pixel technology and similar cases have applied this rationale to reject the crime-tort exception. *E.g.*, *Williams v. TMC Health*, No. CV-23-00434-TUC-SHR, 2024 WL 4364150, at *4 (D. Ariz. Sept. 30, 2024); *Roe v. Amgen Inc.*, No. 2:23-CV-07448-MCS-SSC, 2024 WL 2873482, at *6 (C.D. Cal. June 5, 2024), *reconsideration denied sub nom. Doe v. Amgen, Inc.*, No. 2:23-CV-07448-MCS-SSC, 2024 WL 3811251 (C.D. Cal. Aug. 13, 2024); *Brown*, 2024 WL 3676709, at *5; *Doe v. Kaiser Found. Health Plan, Inc.*, No. 23-CV-02865-EMC, 2024 WL 1589982, at *10 (N.D. Cal. Apr. 11, 2024); *Pena v. GameStop, Inc.*, 670 F. Supp. 3d 1112, 1120 (S.D. Cal. 2023).

[6] The plaintiff in *Williams* asserted in its response brief that the crime-tort exception should be applied to save its ECPA claim. Plaintiffs' Response Memorandum in Opposition to Defendant Duke University Health System's and Defendant WakeMed Health and Hospitals' Motions to Dismiss Class Action Complaint, *Williams v. DukeHealth*, No. 1:22-cv-00727 (M.D.N.C. Nov. 29, 2022), 2022 WL 18397811. Although the court did not provide its rationale for doing so, it rejected the plaintiff's argument and dismissed the ECPA claim in that pixel-technology case.

HIPAA, 42 U.S.C. § 1320(d)(6)." *See* Compl. ¶ 63, *Rodriguez*, No. 5:23-CV-403-D (July 25, 2023). The court rejected such conclusory contentions by the plaintiff, holding that a self-serving statement leveled to satisfy the crime-tort exception "does not suffice." 2024 WL 3541582, at *5. Because the defendant's use of pixel technology was for commercial use or financial gain, the court held it was a lawful purpose and therefore the crime-tort exception did not apply. *Id.*[7]

Plaintiffs make a similar argument in their response. They overlook the legitimate business purposes of pixel technology described in the Bulletin and the financial benefit purposes alleged in their Complaint. Instead, they assert that the Complaint alleges a sinister intent on CMHA's part, and they require discovery to explore whether such hypothesized, self-serving allegations are true. Pls. Br. at 16-17. That method contradicts the approach of *Rodriguez*. Because pixel technology serves business purposes illustrated in the Complaint, those purposes are lawful, and the crime-tort exception cannot apply.

### C. The Court should follow, and not overlook, precedent from the circuit courts construing the ECPA.

Plaintiffs' response cites district court cases that have applied the crime-tort exception and criticizes district court cases that refused to apply that exception. Pls. Br. at 2 n.4, 11-13. In making these arguments, however, Plaintiffs never acknowledge the basic distinctions in these outcomes. On the one hand, the district courts that have declined to apply that exception embraced decisions from the

[7] In rejecting the crime-tort exception, *Rodriguez* cited three of the circuit court decisions mentioned above: *Google*, 806 F.3d at 145; *Caro*, 618 F.3d at 99-101; *Sussman*, 186 F.3d at 1202-03.

appellate courts that limited when the crime-tort exception applies.[8] On the other hand, the district courts that invoked the exception did not give that precedent any effect.[9] This Court should follow the decisions that have abided by the limits on the crime-tort exception described herein and decline to apply the exception in this case.

## IV. Even if the Court retains jurisdiction over Plaintiffs' unjust-enrichment claim, it should be dismissed.

Plaintiffs' single argument to avoid dismissal of their unjust-enrichment claim is their request that the Court apply other states' laws. Pls. Br. at 17. Their basic premise is that this Court should ignore North Carolina's requirement that the plaintiff allege that both the plaintiff and defendant had an expectation that the plaintiff would be compensated for a benefit conferred in order to make an unjust-enrichment claim. CMHA Br. at 24; *see Regency Ctrs. Acquisition, LLC v. Crescent Acquisitions, LLC*, No. 17-CVS-11354, 2018 WL 562749, at *10 (N.C. Super. Ct.

---

[8] *T.D. v. Piedmont Healthcare, Inc.*, No. 1:23-CV-5416-TWT, 2024 WL 3972984, at *4 (N.D. Ga. Aug. 28, 2024) (citing *Google*); *Rodriguez*, 2024 WL 3541582, at *5 (citing *Google*, *Caro*, and *Sussman*); *Nienaber*, 2024 WL 2133709, at *15 (citing *Google*); *Okash*, 2024 WL 1285779, at *4 (citing *Caro* and *Google*).

[9] Plaintiffs cite several of these district court cases in their response. *A.D. v. Aspen Dental Mgmt., Inc.*, No. 24 C 1404, 2024 WL 4119153, at *3 (N.D. Ill. Sept. 9, 2024) (rejecting defendant's argument that the interception must be distinct from the unlawful purpose because the defendant "does not cite to any precedential authority supporting this position and the Court is not aware of any"); *Sweat v. Houston Methodist Hosp.*, No. CV H-24-775, 2024 WL 3070184, at *4 (S.D. Tex. June 20, 2024) (rejecting defendant's argument that interception must be distinct from unlawful purpose and the holding from *Google* absent guidance from the Fifth Circuit); *R.C. v. Walgreen Co.*, No. EDCV 23-1933 JGB (SPX), 2024 WL 2263395, at *16 (C.D. Cal. May 9, 2024) (purporting to apply *Google* and require an independent intentional act from the interception to apply the crime-tort exception but ultimately concluding that the tortious purpose was the interception of wire communications itself).

Jan. 24, 2018); *Weddle v. WakeMed Health & Hosps.*, No. 22 CVS 13860, 2023 WL 8369786, at *5-6 (N.C. Super. Ct. Dec. 4, 2023). Plaintiffs provide no rationale why this Court would apply standards different from those applied by federal courts in North Carolina and the North Carolina Business Court to pixel technology cases. Accordingly, should this Court retain jurisdiction, it should dismiss Plaintiffs' unjust-enrichment claim. *See Weddle*, 2023 WL 8369786, at *5-6; *Allen*, 2023 WL 5486240, at *3.

## CONCLUSION

For the reasons set forth above, the Court should dismiss Plaintiffs' ECPA claim with prejudice and dismiss the remaining state law claims on jurisdictional grounds. Should the Court decide to retain jurisdiction, it should dismiss Plaintiffs' unjust-enrichment claim with prejudice.

This the 17th day of October, 2024.

**ROBINSON, BRADSHAW & HINSON, P.A.**

/s/ Jonathan C. Krisko
Jonathan C. Krisko
N.C. State Bar No. 28625
Jordan T. DeJaco
N.C. State Bar No. 57866
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: (704) 377-2536
jkrisko@robinsonbradshaw.com
jdejaco@robinsonbradshaw.com

Preetha Suresh Rini
N.C. State Bar No. 51022
434 Fayetteville Street, Suite 1600
Raleigh, North Carolina 27601
Telephone: (919) 239-2600
prini@robinsonbradshaw.com

*Attorneys for Defendant The Charlotte-Mecklenburg Hospital Authority*

## ARTIFICIAL INTELLIGENCE CERTIFICATION

Pursuant to the Court's June 18, 2024 Order, 3:24-mc-104, I hereby certify that:

- No artificial intelligence was employed in doing the legal research for the preparation of this document, with the exception of such artificial intelligence embedded in standard on-line legal research sources such as Westlaw, Lexis, FastCase, and Bloomberg; and

- Every statement and every citation to an authority contained in this document has been checked by an attorney at this firm and/or paralegal working at their direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 17th day of October, 2024.

/s/ Jonathan C. Krisko
Jonathan C. Krisko