**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**Civil Action No.: 3:24-cv-00382-KDB-SCR**

JULIE ROBERTS and JUDITH SIGMON, *individually and on behalf of all others similarly situated,*

*Plaintiffs,*

vs.

THE CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY (d/b/a ATRIUM HEALTH),

*Defendant.*

**DEFENDANT CMHA'S RESPONSE TO PLAINTIFFS' MOTION TO APPOINT INTERIM CO-LEAD AND LIAISON COUNSEL**

## INTRODUCTION

Plaintiffs' Motion to Appoint Interim Co-Lead and Liaison Counsel (the "**Motion**") is premature and unnecessary. As detailed in the motion to dismiss filed by The Charlotte-Mecklenburg Hospital Authority (d/b/a Atrium Health) ("**CMHA**"), Plaintiffs' complaint should be dismissed for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted. CMHA's motion should be resolved before any decisions are made as to whether interim co-lead or liaison counsel should be appointed. In addition, the attorneys who seek to be appointed as interim class counsel are the only attorneys with a pending federal or state case regarding the underlying incident, making Plaintiffs' motion unnecessary. For these reasons, CMHA respectfully requests that the Court deny Plaintiffs' Motion, or defer its decision until after ruling on CMHA's motion to dismiss.

## ARGUMENT

Plaintiffs are trying to put the cart before the horse. This Court should not decide *how* this case will proceed before deciding *whether* this case will proceed in this Court at all. Nor is there any urgency to Plaintiffs' request, as no other counsel are in this case (or any related case).

### I. Plaintiffs' Motion is premature in light of CMHA's motion to dismiss.

Plaintiffs' complaint may not survive CMHA's pending motion to dismiss. CMHA has moved for the Court to dismiss Plaintiffs' complaint for lack of subject-matter jurisdiction because (1) Plaintiffs' claim under the Electronic Communications Privacy Act ("**ECPA**") should be dismissed, leaving the Court without federal-question jurisdiction, and (2) the Court lacks jurisdiction under the Class Action Fairness Act ("**CAFA**") because more than two-thirds of the putative class members are North Carolina residents. *See* ECF Nos. 38, 39. Because Plaintiffs have not contested CMHA's evidence regarding the residences of the putative class members, the Court's decision about whether it has jurisdiction turns primarily on the viability of Plaintiffs' ECPA claim. Should the Court dismiss the case, there will be no need for the appointment of class counsel. Indeed, Plaintiffs' counsel has already filed a nearly identical lawsuit in state court, which makes the complaint in this Court redundant. *See Hill v. The Charlotte-Mecklenburg Hospital Authority (d/b/a Atrium Health)*, Case No. 24 CVS 057137-590 (Mecklenburg Cnty. Sup. Ct.) (Attachment A).

A court may appoint interim class counsel prior to certification, but only where such an appointment is "necessary to protect the interests of the putative

class." *See Lee v. Samsung Elecs. Am., Inc.*, No. 4:21-CV-1321, 2023 WL 2328442, at *5 (S.D. Tex. Feb. 3, 2023). A plaintiff seeking to appoint class counsel "bear[s] the burden of affirmatively proving interim class counsel is necessary." *Id.* at *6.

In analogous situations, courts have denied motions to appoint interim class counsel as premature where a motion to dismiss is pending. *E.g.*, *Butler v. Fluor Corp.*, No. 0:17-CV-02201-JMC, 2018 WL 11474068, at *2 (D.S.C. Jan. 24, 2018) (denying without prejudice motion to appoint interim class counsel where motion to dismiss was pending); *Webb v. Onizuka*, No. 08-00487 DAE-LEK, 2009 WL 1687492, at *1 (D. Haw. June 15, 2009) (denying without prejudice motion to appoint interim class counsel in light of pending motion to dismiss for lack of jurisdiction). Moreover, courts often deny motions to appoint interim class counsel as moot when granting a motion to dismiss, showing that the proper order is to address the motion to dismiss first. *E.g.*, *Harden v. Mead Johnson & Co.*, LLC, No. 24 CV 108, 2024 WL 2882214, at *1 n.2, *9 (N.D. Ill. June 7, 2024) (granting defendant's motion to dismiss and therefore denying motion to appoint interim class counsel); *Johnson v. FCA US, LLC*, No. 22-10494, 2023 WL 2577228, at *6 (E.D. Mich. Mar. 20, 2023) (similar). This Court should do the same.

## II. Plaintiffs' motion is unnecessary in any event.

Nor is there any urgency or need to appoint interim class counsel, as Plaintiffs' counsel are the only ones who have brought an action related to the allegations in the complaint. The appointment of interim class counsel is typically appropriate only when "overlapping, duplicative, or competing class suits are pending before a court." *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal.

2006). Courts regularly deny these motions where there is not already a large number of putative class actions filed by various attorney groups. *See, e.g., Dhruva v. CuriosityStream Inc.*, No. SAG-23-2265, 2024 WL 712467, at *4 (D. Md. Feb. 21, 2024); *Levey v. Concesionaria Vuela Compania de Aviacion, S.A.P.I. de C.V.*, 529 F. Supp. 3d 856, 867 (N.D. Ill. 2021); *Cohen v. Ne. Radiology, P.C.*, No. 20 CV 1202 (VB), 2021 WL 293123, at *10 (S.D.N.Y. Jan. 28, 2021).

Where, as here, "the only attorneys applying for appointment of interim counsel are the attorneys of record" in the case, and where "there is no indication of rivalry or uncertainty between the counsel groups," courts tend to find that "designating interim class counsel is unnecessary." *Lee*, 2023 WL 2328442, at *6-7.

Nor can Plaintiffs' counsel justify the motion on the grounds that other lawyers might file competing actions. Speculation about the future does not justify a request for the appointment of class counsel. *See Dhruva*, 2024 WL 712467, at *4 ("[T]he potential for tag-a-long lawsuits and competing firms in the future do[es] not justify appointing interim class counsel." (internal quotation marks omitted)); *Cohen*, 2021 WL 293123, at *10 ("[T]he risk of future claims does not warrant appointment of interim counsel.").

Plaintiffs have not demonstrated an imminent need for interim class counsel, and the motion should be denied.

## CONCLUSION

For these reasons, CMHA respectfully requests that the Court deny Plaintiffs' Motion to Appoint Interim Co-Lead and Liaison Counsel or defer its decision until after ruling on CMHA's motion to dismiss.

This the 17th day of December, 2024.

**ROBINSON, BRADSHAW & HINSON, P.A.**

/s/ Jonathan C. Krisko
Jonathan C. Krisko
N.C. State Bar No. 28625
Jordan T. DeJaco
N.C. State Bar No. 57866
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: (704) 377-2536
jkrisko@robinsonbradshaw.com
jdejaco@robinsonbradshaw.com

Preetha Suresh Rini
N.C. State Bar No. 51022
434 Fayetteville Street, Suite 1600
Raleigh, North Carolina 27601
Telephone: (919) 239-2600
prini@robinsonbradshaw.com

*Attorneys for Defendant The Charlotte-Mecklenburg Hospital Authority d/b/a Atrium Health*

## ARTIFICIAL INTELLIGENCE CERTIFICATION

Pursuant to the Court's June 18, 2024 Order, 3:24-mc-104, I hereby certify that:

- No artificial intelligence was employed in doing the legal research for the preparation of this document, with the exception of such artificial intelligence embedded in standard on-line legal research sources such as Westlaw, Lexis, FastCase, and Bloomberg; and

- Every statement and every citation to an authority contained in this document has been checked by an attorney at this firm and/or paralegal working at their direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 17th day of December 2024.

/s/ Jonathan C. Krisko
Jonathan C. Krisko